**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **ANTHONY J. TESTA**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. Action No.: 16-0055 (FLW)(DEA) |
| v. | : | |
| | : | **OPINION** |
| **JACK HOBAN**, et al., | : | |
| | : | |
| Defendants. | : | |

Pro se Plaintiff Anthony J. Testa ("Plaintiff") brings this action against Defendants Jack Hoban ("Hoban"), Joseph Achacoso ("Achacoso"), numerous federal agencies ("Federal Defendants"), and numerous municipal police departments ("Police Defendants") (collectively, "Defendants")[1] for allegedly repeatedly and systematically harassing Plaintiff, in violation of his constitutional rights, through activities including illegal surveillance, improper search of Plaintiff's

---

[1] Plaintiff brings claims against Jack Hoban; Joseph Achacoso; the Federal Bureau of Investigation ("FBI"); the United States Secret Service ("USSS"); the Central Intelligence Agency ("CIA"); the National Security Agency ("NSA"); the Township of Union Police Department (improperly pled as "Union, NJ Police Department") ("Union PD"); the Toms River Police Department (improperly pled as "Toms River, NJ Police Department") ("Toms River PD"); the City of Newark Police Department (improperly pled as "Newark, NJ Police Department") ("Newark PD"); the Township of Colts Neck Police Department (improperly pled as "Colts Neck, NJ Police Department") ("Colts Neck PD"); the Kenilworth, NJ Police Department ("Kenilworth PD"); the City of Atlantic City Police Department (improperly pled as "Atlantic City, NJ Police Department") ("Atlantic City PD"); the Township of Woodbridge Police Department (improperly pled as "Woodbridge, NJ Police Department") ("Woodbridge PD"); the Township of Wall Police Department (improperly pled as "Wall, NJ Police Department") ("Wall PD"); the Borough of Point Pleasant Beach Police Department (improperly pled as "Point Pleasant, NJ Police Department") ("Point Pleasant PD"); the Township of Bernards Police Department (improperly pled as "Basking Ridge, NJ Police Department") ("Bernards PD"); the Spring Lake Police Department (improperly pled as "Spring Lake, NJ Police Department") ("Spring Lake PD"); Totalitarian Does; and Aiders and Abettors Of Totalitarian Does and Other Defendants.

1

computer records, interference with Plaintiff's educational, medical, business, and personal relationships, tampering with Plaintiff's mail, illegal detention, physical assault, and obstruction of Plaintiff's attempts to pursue litigation.

Currently pending before this Court are eleven motions to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), filed respectively by all Federal Defendants and Police Defendants (collectively, "Moving Defendants"). The only Defendants that have not moved to dismiss are Hoban, who has filed an answer to the Amended Complaint, and Achacoso, who has not yet been properly served by Plaintiff. *See* Order of the Honorable Douglas E. Arpert, U.S.M.J., (Dkt. No 110).

Additionally, pending before the Court is a motion by Plaintiff seeking "declaratory relief from criminal prosecution for the death, criminal homicide, murder or conspiracy to commit criminal homicide or murder of his biological mother, Rose Marie Testa." Br. in Supp. of Pl.'s Mot. for Exculpation ("Exculpation Br.") (Dkt. No. 36) at 2. Plaintiff has also filed a motion to stay or remove to this Court, certain proceedings in the Municipal Court of Union Township, relating to a traffic ticket issued to Plaintiff by officers of Union PD. Multiple Defendants oppose these motions.

Finally, Plaintiff moves, in his capacity as the executor ("Executor Plaintiff") of the estate of Rose Marie Testa (the "Testa Estate"), to intervene in this matter on behalf of the Testa Estate, and to join new defendants, including the Township of Manchester Police Department ("Manchester PD"). Manchester PD, as a third-party movant, opposes its joinder as a defendant, and alternatively, if the Court joins it as a defendant, moves to dismiss the claims against it, pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons set forth below, Moving Defendants' motions to dismiss (Dkt. Nos. 7, 9, 12, 18, 19, 20, 23, 39, 51, 64, and 87) are **GRANTED** – the claims against Federal Defendants are dismissed without prejudice and the claims against Police Defendants are dismissed with prejudice. Additionally, Plaintiff's motion for declaratory relief (Dkt. No. 36) and motion to stay or remove municipal proceedings (Dkt. No. 94) are **DENIED**. Finally, Executor Plaintiff's motion to intervene and join (Dkt. No. 38) is **DENIED**. Accordingly, all other motions by Executor Plaintiff (Dkt. Nos. 72 and 95) and Manchester PD's motion to dismiss (Dkt. No. 63) are **DENIED** as moot.

## I.    Procedural and Factual Background

The following allegations are taken from the Amended Complaint and are assumed as true for the purposes of review under Rule 12(b)(6). At the outset, I note that the lengthy and meandering 108-page Amended Complaint accuses Defendants generally of a far-reaching and all-encompassing conspiracy to commit illegal acts, with little specificity as to who is committing these acts, or their underlying motivations. Much of the content of the Amended Complaint is disjointed, incoherent, and far-fetched. The facts recounted in this Opinion are the Court's best approximation of those intelligible allegations than can be gleaned from the Amended Complaint.[2]

Plaintiff alleges generally that the federal government and Police Defendants have been "egregious[ly] abus[ing] surveillance technology," in a manner that provides the government with

_____

[2] Plaintiff attaches and seeks to "incorporate by reference" thousands of pages of exhibits to his Amended Complaint, including a nearly eight thousand paragraph complaint that Plaintiff purportedly submitted to the Supreme Court. The Court does not construe these exhibits to be allegations in their own right. Accordingly, because a court ruling on a motion to dismiss, pursuant to Rule 12(b)(6) looks to the sufficiency of the pleadings contained in the complaint, the Court will only consider the exhibits attached to the Amended Complaint insofar as the Amended Complaint itself contains allegations regarding the exhibits' contents. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

"information with which to tamper with evidence and witnesses and with which to illegally hinder retention of counsel, the filing of lawsuits, or even the notification to members of Congress." Am. Compl. at 1.[3] According to Plaintiff, Defendants are involved in a conspiracy to illegally surveil Plaintiff's activities and search his property. Additionally, Defendants allegedly seek to interfere with Plaintiff's educational, medical, business, and personal relationships, as well as his pursuit of litigation, by tampering with Plaintiff's mail, detaining Plaintiff, and generally abusing governmental power. Plaintiff pleads generally that these alleged abuses were carried out by all Defendants. Indeed, Plaintiff does not connect any allegations in the Amended Complaint to any specific defendant, other than Hoban, Achacoso, and Union PD. Rather, Plaintiff appears to plead that Federal Defendants and Police Defendants are responsible for the alleged wrongs at issue insofar as these entities are related to Hoban and Achacoso. Plaintiff alleges that Hoban "has a relationship" with "at least one Federal Government department or agency" and "at least one police department identified as Defendant in this complaint." Am. Compl. ¶¶ 75-94. Additionally, Plaintiff alleges that Hoban or Achacoso "employs or contracts" with each of the Federal Defendants. Am. Compl. ¶¶ 605-25. The Court notes that Plaintiff does not clearly articulate the exact relationship between Hoban or Achacoso and Federal Defendants or Police Defendants. Nonetheless, based on these alleged "relationships," Plaintiff appears to assert that the Federal Defendants and Police Defendants are responsible for Hoban and Achacoso's actions. The following is a summary of those allegations which are made against specifically identified Defendants, namely Hoban, Achacoso, and Union PD.

---

[3] Portions of the Amended Complaint are not formatted in numbered paragraphs. The Court cites to these by page number.

In January, 2015, Plaintiff was incarcerated for a one week period, at an unidentified location, by unidentified parties, "ostensibly for failure to renew a State Driver's License by regular mail." Am. Compl. ¶ 62. Plaintiff appears to allege that prior to his incarceration, he had attempted to renew his driver's license by mail, but that Defendants, including Hoban and Achacoso, tampered with his letters, and prevented him from renewing his license. Am. Compl. ¶¶ 63-67. Plaintiff alleges generally that his subsequent arrest for failure to update his driver's license, "was a reprisal" by Defendants for some unidentified reason. Am. Compl. ¶ 67. Plaintiff further alleges that Hoban and Achacoso, as well as other unidentified Defendants, threatened him with a longer period of incarceration if he did not "comply." Am. Compl. ¶ 68-69. Plaintiff does not identify with what demands he was required to comply, or specifically who was issuing those demands.

On September 25, 2015, Hoban, and multiple other unidentified Defendants, allegedly tampered with letters that Plaintiff had sent via US mail, regarding potential litigation that he intended to file.[4] Am. Compl. ¶¶ 12-17. Then, on October 8, 2015, Plaintiff was "picked up" by unnamed Union PD officers, who allegedly sought to prevent Plaintiff from pursuing his plans to litigate.[5] Am. Compl. ¶¶ 25-28. According to Plaintiff, he then consented to a search by the officers of a building, presumably his residence, located at 1226 Coolidge Ave., 2nd Floor, Union, NJ. Am. Compl. ¶¶ 29-30. Plaintiff alleges that the Union PD officers next took him involuntarily, under threat of force, to Trinitas Hospital "for an evaluation." Am. Compl. ¶¶ 34-36. Thereafter, Plaintiff alleges that he was involuntarily detained at a psychiatric hospital for 40 days. Am. Compl. ¶¶ 41-

---

[4] Plaintiff does not specify the case to which these letters were related.

[5] Again, it is unclear from the Amended Complaint what this underlying litigation involved.

46. According to Plaintiff, during the first 14 days, he was detained without a competency hearing. Am. Compl. ¶ 49. Then, on October 22, 2015, he was given his first competency hearing, at which the psychiatrist decided that his detention should continue "due to concern for the life of Defendant Jack Hoban." Am. Compl. ¶ 50. Ultimately, Plaintiff was discharged from the hospital on November 14, 2015. Am. Compl. ¶ 56. According to Plaintiff, Hoban was responsible for Plaintiff's detention at the psychiatric hospital. Am. Compl. ¶¶ 54-55. Plaintiff alleges that Hoban and Achacoso have threatened to have him detained at a psychiatric hospital again, if he continues to pursue the present litigation. Am. Compl. ¶¶ 60-61.

Plaintiff further alleges that Hoban, as well as multiple unidentified Defendants, have been intercepting Plaintiff's phone calls and "spamm[ing] Plaintiff's regular phone systems with pseudo-sales calls." Am. Compl. ¶¶ 162-65. According to Plaintiff, "[s]ome Defendants, which include Defendant Hoban, have shunted or are shunting conventional internet searches conducted by Plaintiff and stacking them with results desired by Defendants," purportedly in an attempt to "'steer' Plaintiff's purchases of goods or services to purchases acceptable to Defendants," as well as squander Plaintiff's time and money. Am. Compl. ¶¶ 170-72. Additionally, Defendants, including Hoban and Achacoso, have allegedly interfered with Plaintiff's education at Rutgers Law School, by distracting Plaintiff during school exams, "embedd[ing] psychology into the law school materials to . . . make them more difficult," affecting course availability, tampering with Plaintiff's transcript, and interfering with Plaintiff's attempts to take the bar exam. Am. Compl. ¶¶ 498-509. Defendants, including Hoban, have also allegedly arranged to have traffic tickets issued to Plaintiff to "complicate [his] efforts to retain counsel, to increase [his costs], [and] to hamper [his] travel." Am. Compl. ¶¶ 588-90.

Finally, Plaintiff alleges that Hoban physically attacked Plaintiff and "injured or re-injured Plaintiff's right shoulder[,] . . . re-injured Plaintiff's left shoulder[,] . . . used his nails to dig divits of skin from Plaintiff's forehead[, and] . . . attempted to gouge Plaintiff's eyes while Plaintiff did not attempt to defend himself physically." Am. Compl. ¶¶ 296-301. Plaintiff does not plead the time, location, or motivation for this alleged attack on his person by Hoban.

Based on these facts, Plaintiff brings claims against all Defendants for (1) hindering his attempts to file litigation through incarceration, illegal surveillance, tampering with Plaintiff's letters, and threats, in violation of First Amendment rights;[6] (2) trespass to chattels, arising from Defendants' alleged tampering with Plaintiff's mail and computer; (3) tortious interference with Plaintiff's "actual and prospective personal relationships," Am. Compl. ¶ 231; (4) state law tort claims arising from Hoban's physical battery of Plaintiff; (5) violation of Plaintiff's Eighth Amendment rights against cruel and unusual punishment by "impos[ing] excessive fines . . . for an allegation of something so minor as not mailing in renewal paperwork by the date due," Am. Compl. ¶ 366; (6) tapping Plaintiff's phone lines, intercepting his mail, monitoring his computer usage, and searching his person, premises, and chattels, in violation of Plaintiff's Fourth Amendment rights against illegal search and seizure; (7) Defendants' "exercise[] of ordinary power not authorized by Congress," in violation of the Tenth Amendment, Am. Compl. ¶¶ 420-22; (8) Defendants' false imprisonment of Plaintiff for failure to renew his state driver's license and Plaintiff's involuntary detention at a psychiatric hospital; (9) interference with Plaintiff's "prospective economic opportunities," Am. Compl. ¶ 498; (10) wire fraud, pursuant to 18 U.S.C. § 1343; (11) mail fraud, pursuant to 18 U.S.C. § 1341; (12) making obscene or harassing phone

---

[6] The Court construes all claims of violation of Plaintiff's rights under the United States Constitution as having been brought pursuant to 42 U.S.C. § 1983.

calls to Plaintiff, in violation of the Federal Telecommunications Act, 47 U.S.C. § 223, and (13) intentionally accessing Plaintiff's computer without authorization, or in a manner that exceeded authorization, in violation of the Computer Fraud and Abuse Act, 18 USCS § 1030.[7] As relief, Plaintiff requests any equitable relief that the Court deems necessary to "provide a shield against illegal detention and false imprisonment," damages, punitive damages, and reasonable attorney's fees and costs.[8]

Plaintiff first filed a Complaint (Dkt. No. 1) in this matter on January 6, 2016. Concurrent with his filing of the Complaint, Plaintiff requested that the Court temporarily and preliminarily enjoin Defendants from a wide variety of activities, including communicating with Plaintiff and individuals associated with him, performing surveillance of Plaintiff, accessing records related to Plaintiff, making false statements about Plaintiff, tampering with evidence or witnesses related to this matter, and requiring Defendants to produce certain evidence related to this matter. On January

---

[7] The Court notes that many of Plaintiff's claims appear to be asserted pursuant to criminal statutes that do not provide a private right of action. Additionally, the Court questions whether Plaintiff can assert claims for violation of his civil rights, pursuant to 42 U.S.C. § 1983, against Hoban and Achacoso, who appear to be private actors. Regardless, the Court need not reach these matters in this Opinion.

[8] Plaintiff also purports to assert claims for violation of his Sixth Amendment "Right to Competent assistance of counsel and the right to confront evidence and witness," his Seventh Amendment "Right to a trial," and his Fourteenth Amendment "Right to both procedural and substantive due process," in relation to certain "Municipal Court hearing[s]" that Plaintiff attended. Am. Compl. ¶¶ 256-94. However, Plaintiff fails to identify the court proceedings in relation to which these rights were allegedly violated. Additionally, Plaintiff purports to bring claims against Defendants for violation of his Fifth Amendment and Thirteenth Amendment rights, without specifying the context in which these rights were violated. Consequently, Plaintiff has not articulated a cognizable claim under 42 U.S.C. § 1983 for violation of these constitutional rights, regardless of who these claims are asserted against.

Additionally, Plaintiff purports to assert claims against Defendants for violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and state law unjust enrichment. However, because Plaintiff does not allege facts on which these claims are based, Plaintiff has failed to articulate a cognizable Sherman Antitrust Act or unjust enrichment claim.

8, 2016, the Court denied Plaintiff's request for an injunction. On January 27, 2016, Plaintiff filed the Amended Complaint (Dkt. No. 6).

Subsequently, Moving Defendants filed motions to dismiss the Amended Complaint, pursuant to Rule 12(b)(6), corresponding to the following docket numbers: Spring Lake PD and Wall PD (Dkt. No 7), Colts Neck PD (Dkt. No 9), Point Pleasant PD (Dkt. No 12), Woodbridge PD (Dkt. No 18), Bernards PD (Dkt. No 19), Toms River PD (Dkt. No 20), Federal Defendants (Dkt. No 23), Kenilworth PD (Dkt. No 39), Union PD (Dkt. No 51), Newark PD (Dkt. No 64), and Atlantic City PD (Dkt. No. 87). Plaintiff opposes these motions.

In the interim, Plaintiff has also filed a motion for declaratory relief (Dkt. No. 36) seeking protection from criminal prosecution for the death of his mother. Bernards PD, Hoban, Federal Defendants, Kenilworth PD, and Union PD oppose this motion. Additionally, Plaintiff has filed a motion to stay or remove (Dkt. No. 94) certain proceedings in the Municipal Court of Union Township, relating to a traffic ticket issued to Plaintiff. Union PD opposes this motion.

Finally, Executor Plaintiff, has filed a motion to intervene (Dkt. No. 38) in this matter on behalf of the Testa Estate and to join new defendants, including Manchester PD. Union PD opposes this motion. Additionally, Manchester PD, as a third-party movant, opposes its joinder as a defendant, and alternatively, if the Court joins it as a defendant, moves to dismiss the claims against it, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 63). Executor Plaintiff has also filed a motion for expedited discovery (Dkt. No. 72) and a motion to join additional defendants and supplement the Amended Complaint (Dkt. No. 95).

## II.    Standard of Review

### i.    Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quotations omitted). Under such a standard, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

However, Rule 12(b)(6) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must include "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (citation and quotations omitted); *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief.")

(citation and quotations omitted). Moreover, where the plaintiff is proceeding *pro se*, the complaint should be "liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93-94.

In sum, under the current pleading regime, when a court considers a dismissal motion, three sequential steps must be taken: first, "it must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations and brackets omitted). Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quotations omitted). Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotations and brackets omitted).

## III.    Analysis

### i.    Moving Defendants' Motions to Dismiss

Moving Defendants, except Union PD, argue, among other things, that the claims against them should be dismissed because, aside from including them in the caption, and listing their respective addresses, the Amended Complaint contains no specific allegations about these Defendants. Additionally, Union PD, and certain other Moving Defendants, argue that because in New Jersey, a municipal police department is not an entity separate from a municipality, Plaintiff cannot properly bring claims against Police Defendants.

As Moving Defendants highlight, at no point in the Amended Complaint does Plaintiff allege specific actions taken by any Defendants, except for Hoban, Achacoso, and Union PD's officers. Rather, Plaintiff appears to plead generally that all Defendants are responsible for the abuses outlined in the Amended Complaint, because (1) Hoban "has a relationship" with "at least

one Federal Government department or agency" and "at least one police department identified as Defendant in this complaint," and (2) Hoban or Achacoso "employs or contracts" with each of the Federal Defendants. Am. Compl. ¶¶ 75-94, 605-25. In short, the claims against Moving Defendants, other than Union PD, appear to be based solely on Plaintiff's speculation that an agency relationship exists between Hoban or Achacoso and Moving Defendants.

Under New Jersey law, "[a]n agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1434 (3d Cir. 1994) (quoting *Sears Mortgage Corp. v. Rose*, 634 A.2d 74, 79 (N.J. 1993)). First and foremost, Plaintiff's allegations of a relationship between "at least one" of Moving Defendants and Hoban or Achacoso, is speculative on its face, and not sufficient to withstand Rule 12(b)(6) review. *See Twombly,* 550 U.S. at 548 ("Factual allegations must be enough to raise a right to relief above the speculative level . . ."). Nonetheless, even accepting as true that some kind of "relationship" between the parties exists, the Amended Complaint is completely silent as to the type of relationship. It is not clear that Plaintiff is alleging that Hoban and Achacoso are employees of Moving Defendants, rather than simply in a friendly relationship with agents of Moving Defendants. But, assuming that Plaintiff is trying to plead an employer/employee relationship, Plaintiff alleges no facts regarding the purposes for which Hoban and Achacoso were hired by Moving Defendants, or the scope of this employment. Consequently, the Amended Complaint is silent as to whether the abuses allegedly carried out by Hoban and Achacoso were at the direction of Moving Defendants, or within the scope of, or indeed in any way related to, their employment by Moving Defendants. As a result, Hoban and Achacoso's actions cannot be imputed to Moving Defendants. As such, the Amended Complaint pleads no specific facts against any Moving Defendants, except Union PD.

Accordingly, Plaintiff has failed to plead, "a short and plain statement of the claim showing that the pleader is entitled to relief" against these Defendants. *See* Fed. R. Civ. P. 8(a)(2), (3).

Plaintiff attempts to cure these deficiencies by alleging in his opposition briefs that each of the Moving Defendants was involved in what Plaintiff refers to as a "wrapper." However, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Accordingly, the Court will not consider any new facts asserted by Plaintiff in his opposition briefs. For these reasons, the Court finds that Plaintiff has failed to state a claim against all Moving Defendants, except Union PD.

Regarding the allegations against Union PD, Plaintiff pleads that for the purposes of preventing Plaintiff from pursuing litigation (1) Union PD officers detained Plaintiff against his will; (2) Union PD officers had Plaintiff involuntarily committed to a psychiatric facility without first assessing his mental capacity; and (3) Union PD officers conducted a consensual search for weapons of what appears to be Plaintiff's residence.[9] In its brief in support of its motion to dismiss, Union PD states in a conclusory fashion that "[f]or the reasons discussed infra, plaintiff fails to state a claim upon which relief can be granted." *See* Br. in Supp. Of Def. Union NJ Police Department's Mot. to Dismiss in Lieu of an Answer ("Union Supp. Br.") (Dkt. No. 51) at 9. However, Union PD does not explain why the allegations regarding its officers are insufficient to support any of the causes of action asserted by Plaintiff in his Amended Complaint. *See id* at 9-10. Instead, all of Union PD's arguments involve its assertion that it is not a proper defendant, because

---

[9] The Court notes that like the other Moving Defendants, Plaintiff does not allege any facts directly connecting Hoban or Achacoso to Union PD, other than his general allegations that Hoban and Achacoso have a relationship with at least one of Police Defendants. Accordingly, only the actions of Union PD's officers, not the actions of Hoban and Achacoso, can be imputed to Union PD.

it is not a separate legal entity from the Township of Union. *See id.* As such, the Court considers Union PD's viability as an independent defendant to be the exclusive basis upon which Union PD moves to dismiss the claims against it.

"In New Jersey a municipal police department is not an entity separate from the municipality." *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006) (citing N.J. Stat. Ann. § 40A: 14-118 (municipal police department is "an executive and enforcement function of municipal government")). Consequently, courts in the District of New Jersey consistently dismiss claims brought against municipal police departments, rather than their controlling municipalities. *See e.g., Mitchell v. City of Jersey City*, Civ. No. 15-cv-6907 (KM), 2016 U.S. Dist. LEXIS 47291, at *1 n. 1 (D.N.J. Apr. 7, 2016) ("For claims involving the Police Department, the proper defendant is the City itself. I will therefore dismiss the Jersey City Police Department as a defendant."); *Gaines v. Gloucester City Police Dept*, Civ. No. 08-3879, 2010 U.S. Dist. LEXIS 19770, at *21 (D.N.J. Mar. 3, 2010); *Monaco v. City of Camden*, Civ. No. 04-2406, 2008 U.S. Dist. LEXIS 10455, at *41 (D.N.J. Feb. 13, 2008) (same); *Adams*, 461 F. Supp. 2d at 266 (same) *see also Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."). Here, because Union PD is an administrative arm of Union Township, any claims against Union PD are improper and should instead be brought against Union Township. For the same reasons, Plaintiff's claims against all other Police Defendants are improper, independent of whether he has failed to state a claim against them.

14

Accordingly, Moving Defendants' motions to dismiss are **GRANTED** – Plaintiff's claims against Federal Defendants are dismissed without prejudice and Plaintiff's claims against Police Defendants are dismissed with prejudice.

####        ii.        Plaintiff's Motion for Declaratory Relief

Plaintiff moves for "declaratory relief from criminal prosecution for the death, criminal homicide, murder or conspiracy to commit criminal homicide or murder of his biological mother, Rose Marie Testa" and requests that "the Court find Plaintiff innocent of any crime, if any crime were committed, at 32-C Columbus Blvd, Whiting, NJ in connection with or related to her death or the notification of her passing." Exculpation Br. at 2. Plaintiff asserts that such relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

"The Declaratory Judgment Act, 28 U.S.C. § 2201, creates a remedy by which federal courts may declare the rights and other legal relations of any interested party seeking such a declaration when there is a case of actual controversy." *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 174 (3d Cir. 2015) (quoting *Brockstedt v. Sussex Cnty. Council*, 794 F. Supp. 2d 489, 499 (D. Del. 2011)) (internal quotations omitted). The Act, provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

In the instant case, the Court does not have the authority under the Declaratory Judgment Act to grant Plaintiff's request for declaratory relief, because, among other things (1) the requested relief is not related to the underlying causes of action asserted in the Amended Complaint; (2) Plaintiff does not articulate a cognizable federal cause of action upon which to base the requested relief; and (3) Plaintiff has not plead facts showing that he is under immediate threat of prosecution

for the homicide of his mother, and therefore there is no immediate case in controversy, *see Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("[T]he question in each [Declaratory Judgment Act] case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

For these reasons, Plaintiff's motion for declaratory relief is **DENIED**.

### iii.    Plaintiff's Motion to Stay or Remove Municipal Proceedings

Plaintiff requests an indefinite stay or removal to this Court of proceedings in the Municipal Court of Union Township related to "a traffic ticket issued by Officer Joseph Rubel of the Union Township Police Department on July 4, 2016." Br. in Supp. of Pl.'s Mot. to Stay or Remove Proceedings Currently Scheduled for August 22, 2016 Before the Municipal Court of Union Township with Respect to Ticket 2019 E16 011648 ("Stay or Removal Br.") (Dkt. No. 94) at 2. In his moving papers, Plaintiff alleges that the issuance of the ticket by Officer Rubel may have been part of Defendants' alleged conspiracy to prevent him from exercising his First Amendment rights to pursue litigation. Additionally, Plaintiff asserts that the due process involved in Union Township municipal court proceedings for traffic tickets violates constitutional due process requirements. Plaintiff argues that a stay or removal of these municipal proceedings is appropriate as preliminary injunctive relief, pursuant to Fed. R. Civ. P. 65.

The Third Circuit has held that "a federal district court may not exercise jurisdiction over a municipal court proceeding." *New Jersey v. Bowles-Bey*, Civ. No. 10-5306 (PGS), 2011 U.S. Dist. LEXIS 42370, at *1 (D.N.J. Apr. 13, 2011); *see Janciga v. Vora*, 257 Fed. App'x. 530, 530-31 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of matter concerning traffic citation); *Janciga v. Vora*, 238 Fed. App'x. 760, 761 (3d Cir. 2007) (dismissing

appeal from order dismissing "notice of removal" of proceeding concerning citation for municipal code violation); *Pennsylvania v. Vora*, 204 F. App'x 134, 136 (3d Cir. 2006) (dismissing appeal from order dismissing "petition for removal" of municipal court matter concerning municipal code violation); *Pa. St. Police v. Vora*, 140 Fed. App'x. 433, 433 (3d Cir. 2005) (dismissing appeal from order dismissing "notice of removal" of traffic court matter, as district court may not exercise jurisdiction over attack of state traffic citation). Consequently, this Court does not have the authority to order the removal or stay of any proceedings in the Municipal Court of Union Township.

Accordingly, Plaintiff's motion to stay or remove municipal proceedings is **DENIED**.

### iv.    Executor Plaintiff's Motion to Intervene and Join

Executor Plaintiff, moves to intervene in this matter on behalf of the Testa Estate and to join new defendants, including Manchester PD. According to Executor Plaintiff, his mother, Rose Marie Testa, died under mysterious circumstances. Executor Plaintiff seeks to bring claims against Manchester PD, the police department that investigated her death, for summarily determining that her death was caused by a heart attack and refusing to investigate further. Executor Plaintiff also alleges that when he sought counsel to aid with the administration of the Testa Estate, "Defendants, which may include Does, interfered with retention of counsel at that time" by issuing Executor Plaintiff traffic tickets. Br. in Supp. of Mots. To Intervene and Join the Police Dep't of Manchester Township, NJ & Complaint on Behalf of the Estate of Rose Marie A. Testa ("Intervene Br.") (Dkt. No. 38) at 3-4. Executor Plaintiff asserts numerous causes of action against Defendants and Manchester PD, including "mutilation and defilement of human remains, torts . . . Murder, Conspiracy to commit Murder, Intimidation of Witnesses, and major fraud." Compl. on Behalf of the Estate of Rose Marie A. Testa at 2. Executor Plaintiff argues that he may intervene in the

17

instant matter by right, pursuant to Fed. R. Civ. P. 24(a)(1) and 24(a)(2), or that the Court should permit him to intervene, pursuant to Fed. R. Civ. P. 24(b)(1)(B), because the Testa Estate's claims share common questions of fact and law with the instant action. Manchester PD, as a third-party movant, opposes its joinder as a defendant, and alternatively, in the event that the Court grants the motion to intervene and join, moves to dismiss the claims against it, pursuant to Fed. R. Civ. P. 12(b)(6).

Rule 24(a)(1) provides that a party may intervene as a matter of right if the party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Executor Plaintiff argues that the Estate has an unconditional right to intervene in the instant matter, because "[w]here the duty of a trustee is involved in doubt, it is his right to ask for and receive the direction of a court of equity to the extent that his necessities may require." Intervene Br. at 5. In support of this argument, Executor Plaintiff cites to statutes like N.J. Stat. Ann § 2A:31-1, which provides a statutory basis for a wrongful death suit, and the New Jersey state court rules regarding probate matters, like N.J. Ct. R. 4:95-2, which allows executors of an estate to bring a summary action in state court "for instructions as to the exercise of any of their statutory powers as well as for advice and directions in making distributions from the estate," N.J. Ct. R. 4:95-2. However, these state statutes and state court rules are not federal statutes, and moreover, they do not even involve a right to intervene. Accordingly, Executor Plaintiff does not have a right to intervene in the present matter pursuant to federal statute.

Rule 24(a)(2) provides that a party may intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P.

24(a)(2). To intervene as a matter right under this rule, the prospective intervenor must establish that:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). Here, Executor Plaintiff has failed to demonstrate that the Testa Estate has a sufficient interest in the litigation that may be affected or impaired by the disposition of the present action. Executor Plaintiff argues that the Testa Estate's interest in the litigation stems from (1) the Estate's "significant interest in exercising decedent's Right to Life in pursuit of her wrongful death claim"; (2) the Estate's "significant interest in carrying out her testamentary intention . . . to look into the circumstance of her passing"; and (3) Executor Plaintiff's "significant interest in exercising his Right to seek the Court's assistance as is necessary." However, setting aside whether these "interests" can even be considered sufficient interests under Rule 24(a)(2), Executor Plaintiff has failed to demonstrate that a disposition of the present action will in any way affect these "interests." Indeed, Plaintiff's claims in the present action are so unrelated to the so-called "interests" of the Testa Estate, that the Court cannot conceive of any way that the disposition of these claims might affect Executor Plaintiff's ability to pursue a wrongful death claim on behalf of the Testa Estate. Accordingly, Executor Plaintiff's motion to intervene does not fall within the purview of Rule 24(a)(2).

Finally, Rule 24(b)(1)(B) provides that a Court may permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R.

Civ. P. 24(b)(1)(B). "In exercising its discretion, the [district court] must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The decision to grant permissive intervention under Rule 24(b), "as the doctrine's name suggests, is within the discretion of the district court." *Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Executor Plaintiff argues that there are common questions of fact and law between the Testa Estate's claims and the present action, because "[t]he individual Defendants have engaged in similar conduct to that already pled by Plaintiff Testa by seeking to obstruct advancement of the Estate's interests and to destroy evidence relevant to its claims." Intervene Br. at 13. However, Executor Plaintiff's allegations regarding the Testa Estate's potential claims are so confused and disjointed that the Court is unable to glean any meaningful connection between the Testa Estate's claims and Plaintiff's claims in the instant action. Nonetheless, even accepting as true that there may be some minimal common issues of fact and law involving Defendants' alleged criminal conspiracy, the Court finds that the differences between the Testa Estate and Plaintiff's respective claims are significant enough that allowing the claims to proceed jointly would unduly delay the adjudication of the present action, as well as any action that Executor Plaintiff may bring on behalf of the Testa Estate. Accordingly, the Court declines to permit Executor Plaintiff to intervene in the present action, pursuant to Rule 24(b)(1)(B).

For these reasons, Executor Plaintiff's motion to intervene and join is **DENIED**. Additionally, because this motion has been denied, Executor Plaintiff's two subsequent motions for expedited discovery and joinder of additional defendants, as well as to file supplementary pleadings, are **DENIED** as moot. Finally, Manchester PD's motion to dismiss is **DENIED** as moot, because they are not a defendant in the instant action.

## IV.    Conclusion

For the foregoing reasons, Moving Defendants' motions to dismiss (Dkt. Nos. 7, 9, 12, 18, 19, 20, 23, 39, 51, 64, and 87) are **GRANTED** – the claims against Federal Defendants are dismissed without prejudice and the claims against Police Defendants are dismissed with prejudice. Plaintiff's motion for declaratory relief (Dkt. No. 36) and motion to stay or remove municipal proceedings (Dkt. No. 94) are **DENIED**. Executor Plaintiff's motion to intervene and join (Dkt. No. 38) is **DENIED**. Accordingly, all other motions by Executor Plaintiff (Dkt. Nos. 72 and 95) and Manchester PD's motion to dismiss (Dkt. No. 63) are **DENIED** as moot.

Date: September 14, 2016

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge