**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                               :

ANTHONY J. TESTA,                 :
                               :
                 Plaintiff,     :
                               :        Civ. Action No. 16-0055-BRM-DEA
           v.                  :
                               :
JACK HOBAN, et al.,          :         **OPINION**
                               :
                 Defendants.   :
_____:

**MARTINOTTI, DISTRICT JUDGE**

       Before this Court is a Motion for Reconsideration (ECF No. 125) filed by Plaintiff Anthony

J. Testa ("Plaintiff") seeking reconsideration of the September 14, 2016 Order and Opinion (ECF

Nos. 113 and 114) by the Honorable Freda L. Wolfson, U.S.D.J. The September 14, 2016 Order

and Opinion granted, _inter alia_, eleven Motions to Dismiss (ECF Nos. 7, 9, 12, 18, 19, 20, 23, 39,

51, 64, and 87) filed by Defendant federal agencies (the "Federal Defendants") and municipal

police departments (the "Police Defendants") (collectively, the "Moving Defendants"), and

dismissed the claims against all named defendants, except non-moving Defendants Jack Hoban

("Hoban") and Joseph Achacoso ("Achacoso").[1] Kenilworth PD, Atlantic City PD, Union PD,

---

[1] The Amended Complaint (ECF No. 6) asserts claims against Hoban; Achacoso; the Federal
Bureau of Investigation ("FBI"); the United States Secret Service ("USSS"); the Central
Intelligence Agency ("CIA"); the National Security Agency ("NSA"); the Township of Union
Police Department (improperly pled as "Union, NJ Police Department") ("Union PD"); the Toms
River Police Department (improperly pled as "Toms River, NJ Police Department") ("Toms River
PD"); the City of Newark Police Department (improperly pled as "Newark, NJ Police
Department") ("Newark PD"); the Township of Colts Neck Police Department (improperly pled
as "Colts Neck, NJ Police Department") ("Colts Neck PD"); the Kenilworth, NJ Police Department

Bernards PD, and Toms River PD oppose Plaintiff's Motion for Reconsideration. (ECF Nos. 128, 129, 132, 133, and 134.) Pursuant to Fed. R. Civ. P. 78(b), this Court did not hear oral argument.

Additionally pending before this Court is the Clerk of the Court's Notice of Call for Dismissal, pursuant to Federal Rule of Civil Procedure 4(m), of the claims against Achacoso for failure to serve. (ECF No. 136.) In response, Plaintiff asserts he properly served Achacoso under Rule 4 by mailing the Summons and Complaint to him. (ECF Nos. 138 and 139).

Finally, also pending before this Court is an Order to Show Cause "why Plaintiff's Amended Complaint against Defendant Hoban should not be dismissed for lack of subject matter jurisdiction," (ECF No. 141 at 2), which the Honorable Douglas E. Arpert, U.S.M.J. issued on February 16, 2017.[2]

For the reasons set forth herein, Plaintiff's Motion for Reconsideration is **DENIED** and, pursuant to Rule 4(m), the claims against Achacoso are **DISMISSED**. Further, Plaintiff's Amended Complaint against Hoban is **DISMISSED** for lack of subject matter jurisdiction.

## I. BACKGROUND

### A. Factual Background

As Judge Wolfson previously observed in her September 14, 2016 Opinion:

---

("Kenilworth PD"); the City of Atlantic City Police Department (improperly pled as "Atlantic City, NJ Police Department") ("Atlantic City PD"); the Township of Woodbridge Police Department (improperly pled as "Woodbridge, NJ Police Department") ("Woodbridge PD"); the Township of Wall Police Department (improperly pled as "Wall, NJ Police Department") ("Wall PD"); the Borough of Point Pleasant Beach Police Department (improperly pled as "Point Pleasant, NJ Police Department") ("Point Pleasant PD"); the Township of Bernards Police Department (improperly pled as "Basking Ridge, NJ Police Department") ("Bernards PD"); the Spring Lake Police Department (improperly pled as "Spring Lake, NJ Police Department") ("Spring Lake PD"); Totalitarian Does; Aiders and Abettors of Totalitarian Does and other Defendants (collectively, "Defendants").

[2] On May 16, Plaintiff filed a Motion to Amend Complaint (ECF No. 150), which is still pending.

> [T]he lengthy and meandering 108-page Amended Complaint accuses Defendants generally of a far-reaching and all-encompassing conspiracy to commit illegal acts, with little specificity as to who is committing these acts, or their underlying motivations. Much of the content of the Amended Complaint is disjointed, incoherent, and far-fetched.

(ECF No. 113 at 3.) As such, the facts set forth herein are the Court's best efforts to discern the facts alleged in the Amended Complaint.[3]

Plaintiff alleges the federal government and Police Defendants have been "egregious[ly] abus[ing] surveillance technology," in a manner that provides the government with "information with which to tamper with evidence and witnesses and with which to illegally hinder retention of counsel, the filing of lawsuits, or even the notification to members of Congress." (ECF No. 6 at 2.) According to Plaintiff, Defendants are involved in a conspiracy to illegally surveil Plaintiff's activities and search his property. Additionally, Defendants allegedly seek to interfere with Plaintiff's educational, medical, business, and personal relationships, as well as his pursuit of litigation, by tampering with Plaintiff's mail, detaining Plaintiff, and generally abusing governmental power. Plaintiff pleads these alleged abuses were carried out by all Defendants. However, Plaintiff does not connect any allegations in the Amended Complaint to any specific defendant, other than Hoban, Achacoso, and Union PD. Rather, Plaintiff pleads Federal

---

[3] Plaintiff attaches and seeks to "incorporate by reference" thousands of pages of exhibits to his Amended Complaint, including a nearly eight thousand paragraph complaint Plaintiff purportedly submitted to the Supreme Court. In her September 14, 2016 Opinion, Judge Wolfson did not construe these exhibits to be allegations in their own right. (ECF No. 113 at 3 n.3.) Accordingly, because a court ruling on a motion to dismiss, pursuant to Rule 12(b)(6) looks to the sufficiency of the pleadings contained in the complaint, Judge Wolfson only considered the exhibits attached to the Amended Complaint insofar as the Amended Complaint itself contained allegations regarding the exhibits' contents. (*Id.*); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). This Court does the same on this Motion for Reconsideration.

Defendants and Police Defendants are responsible for the alleged wrongs at issue insofar as these entities are related to Hoban and Achacoso.

Plaintiff contends Hoban "has a relationship" with "at least one Federal Government department or agency" and "at least one police department identified as Defendant in this complaint." (*Id.* ¶¶ 75-94.) Additionally, Plaintiff alleges Hoban or Achacoso "employs or contracts" with each of the Federal Defendants. (*Id.* ¶¶ 605-25.) Plaintiff does not clearly articulate the exact relationship between Hoban or Achacoso and Federal Defendants or Police Defendants. Nonetheless, based on these alleged "relationships," Plaintiff asserts Federal Defendants and Police Defendants are responsible for Hoban and Achacoso's actions. The following is a summary of those allegations which are made against specifically identified Defendants, namely Hoban, Achacoso, and Union PD.

In January 2015, Plaintiff was incarcerated for a one-week period, at an unidentified location, by unidentified parties, "ostensibly for failure to renew a State Driver's License by regular mail." (*Id.* ¶ 62.) Plaintiff alleges he had attempted to renew his driver's license by mail prior to his incarceration, but Defendants, including Hoban and Achacoso, tampered with his letters and prevented the renewal. (*Id.* ¶¶ 63-67.) Plaintiff states his subsequent arrest for failure to update his driver's license "was a reprisal" by Defendants. (*Id.* a¶ 67.) Plaintiff further alleges Hoban and Achacoso, as well as other unidentified Defendants, threatened him with a longer period of incarceration if he did not "comply." (*Id.* ¶ 68-69.) Plaintiff does not identify what demands he was required to comply or specifically who issued those demands.

On September 25, 2015, Hoban and multiple other unidentified Defendants allegedly tampered with letters Plaintiff had sent via U.S. mail, regarding potential litigation he intended to file. (*Id.* ¶¶ 12-17.) Plaintiff does not specify the case to which these letters were related. On

October 8, 2015, Plaintiff was "picked up" by unnamed Union PD officers, who allegedly sought to prevent Plaintiff from pursuing his plans to litigate. (*Id.* ¶¶ 25-28.) Again, it is unclear from the Amended Complaint what this underlying litigation involved. According to Plaintiff, he consented to a search by the officers of a building, presumably his residence, located at 1226 Coolidge Ave., 2nd Floor, Union, NJ. (*Id.* ¶¶ 29-30.) Plaintiff claims the Union PD officers took him involuntarily, under threat of force, to Trinitas Hospital "for an evaluation" (*id.* ¶¶ 34-36), where he was involuntarily detained at a psychiatric hospital for forty days (*id.* ¶¶ 41-46). According to Plaintiff, during the first fourteen days, he was detained without a competency hearing. (*Id.* ¶ 49.) His first competency hearing was held on October 22, 2015, during which the psychiatrist decided his detention should continue "due to concern for the life of Defendant Jack Hoban." (*Id.* ¶ 50.) Ultimately, Plaintiff was discharged from the hospital on November 14, 2015. (*Id.* ¶ 56.) According to Plaintiff, Hoban was responsible for Plaintiff's detention at the psychiatric hospital. (*Id.* ¶¶ 54-55.) Plaintiff alleges Hoban and Achacoso have threatened to have him detained at a psychiatric hospital again if he continues to pursue the present litigation. (*Id.* ¶¶ 60-61.)

Plaintiff further contends Hoban, as well as multiple unidentified Defendants, have been intercepting Plaintiff's phone calls and "spamm[ing] Plaintiff's regular phone systems with pseudo-sales calls." (*Id.* ¶¶ 162-65.) According to Plaintiff, "[s]ome Defendants, which include Defendant Hoban, have shunted or are shunting conventional internet searches conducted by Plaintiff and stacking them with results desired by Defendants," purportedly in an attempt to "'steer' Plaintiff's purchases of goods or services to purchases acceptable to Defendants" and expend Plaintiff's time and money. (*Id.* ¶¶ 170-72.) Moreover, Defendants, including Hoban and Achacoso, have allegedly interfered with Plaintiff's education at Rutgers Law School, by distracting Plaintiff during school exams, "embedd[ing] psychology into the law school materials

to . . . make them more difficult," affecting course availability, tampering with Plaintiff's transcript, and interfering with Plaintiff's attempts to take the bar exam. (*Id.* ¶¶ 498-509.) Defendants, including Hoban, have also allegedly arranged to have traffic tickets issued to Plaintiff to "complicate [his] efforts to retain counsel, to increase [his costs], [and] to hamper [his] travel." (*Id.* ¶¶ 588-90.)

Finally, Plaintiff contends Hoban physically attacked Plaintiff and "injured or re-injured Plaintiff's right shoulder[,] . . . re-injured Plaintiff's left shoulder[,]. . . used his nails to dig divots of skin from Plaintiff's forehead[, and] . . . attempted to gouge Plaintiff's eyes while Plaintiff did not attempt to defend himself physically." (*Id.* ¶¶ 296-301.) Plaintiff does not plead the time, location, or motivation for this alleged attack on his person by Hoban.

Based on these facts, Plaintiff brings claims against all Defendants for: (1) hindering his attempts to file litigation through incarceration, illegal surveillance, tampering with Plaintiff's letters, and threats, in violation of Plaintiff's First Amendment rights;[4] (2) trespass to chattels, arising from Defendants' alleged tampering with Plaintiff's mail and computer; (3) tortious interference with Plaintiff's "actual and prospective personal relationships" (*id.* ¶ 231); (4) state law tort claims arising from Hoban's physical battery of Plaintiff; (5) violation of Plaintiff's Eighth Amendment rights against cruel and unusual punishment by "impos[ing] excessive fines . . . for an allegation of something so minor as not mailing in renewal paperwork by the date due" (*id.* ¶ 366); (6) tapping Plaintiff's phone lines, intercepting his mail, monitoring his computer usage, and searching his person, premises, and chattels, in violation of Plaintiff's Fourth Amendment rights against illegal search and seizure; (7) Defendants' "exercise[] of ordinary power not

---

[4] The Court construes all claims of violation of Plaintiff's civil rights under the United States Constitution as having been brought pursuant to 42 U.S.C. § 1983, though Plaintiff does not cite the statute.

authorized by Congress" in violation of the Tenth Amendment (*id.* ¶¶ 420-22); (8) Defendants'

false imprisonment of Plaintiff for failure to renew his state driver's license and Plaintiff's

involuntary detention at a psychiatric hospital; (9) interference with Plaintiff's "prospective

economic opportunities," (*id.* ¶ 498); (10) wire fraud, pursuant to 18 U.S.C. § 1343; (11) mail

fraud, pursuant to 18 U.S.C. § 1341; (12) making obscene or harassing phone calls to Plaintiff, in

violation of the Federal Telecommunications Act, 47 U.S.C. § 223, and (13) intentionally

accessing Plaintiff's computer without authorization, or in a manner that exceeded authorization,

in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. As relief, Plaintiff requests

any equitable relief the Court deems necessary to "provide a shield against illegal detention and

false imprisonment," damages, punitive damages, and reasonable attorney's fees and costs.[5]

### B. Procedural Background

Plaintiff filed his original Complaint in this matter on January 6, 2016. (ECF. No. 1.)

Concurrent with his filing of the Complaint, Plaintiff requested the Court temporarily and

preliminarily enjoin Defendants from a wide variety of activities, including communicating with

---

[5] Plaintiff also purports to assert claims for violation of his Sixth Amendment "[r]ight to Competent [sic] assistance of counsel and the right to confront evidence and witness," his Seventh Amendment "[r]ight to a trial," and his Fourteenth Amendment "[r]ight to both procedural and substantive due process," in relation to certain "Municipal Court hearing[s]" that Plaintiff attended. (ECF No. 6 ¶¶ 256-94.) However, Plaintiff fails to identify the court proceedings in relation to which these rights were allegedly violated. Additionally, Plaintiff purports to bring claims against Defendants for violation of his Fifth Amendment and Thirteenth Amendment rights, without specifying the context in which these rights were violated. Judge Wolfson dismissed these claims in the September 14, 2016 Opinion, finding "Plaintiff has not articulated a cognizable claim under 42 U.S.C. § 1983 for violation of these constitutional rights, regardless of who these claims are asserted against." (ECF No. 113 at 8 n.8.)

Additionally, Plaintiff purports to assert claims against Defendants for violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and state law unjust enrichment. In the September 14, 2016 Opinion, Judge Wolfson dismissed these claims, explaining "because Plaintiff does not allege facts on which these claims are based, Plaintiff has failed to articulate a cognizable Sherman Antitrust Act or unjust enrichment claim." (*Id.* at 8 n.8.)

Plaintiff does not raise these issues in his Motion for Reconsideration.

Plaintiff and individuals associated with him, performing surveillance of Plaintiff, accessing records related to Plaintiff, making false statements about Plaintiff, tampering with evidence or witnesses related to this matter, and requiring Defendants to produce certain evidence related to this matter. (ECF No. 1.) On January 8, 2016, Judge Wolfson denied Plaintiff's request for an injunction. (ECF No. 3.) On January 27, 2016, Plaintiff filed the Amended Complaint (ECF No. 6).

Between February 9, 2016 and August 11, 2016, Moving Defendants filed Motions to Dismiss the Amended Complaint, pursuant to Rule 12(b)(6), corresponding to the following docket numbers: Spring Lake PD and Wall PD (ECF No. 7), Colts Neck PD (ECF No. 9), Point Pleasant PD (ECF No. 12), Woodbridge PD (ECF No. 18), Bernards PD (ECF No. 19), Toms River PD (ECF No. 20), Federal Defendants (ECF No. 23), Kenilworth PD (ECF No. 39), Union PD (ECF No. 51), Newark PD (ECF No. 64), and Atlantic City PD (ECF No. 87). Plaintiff opposed these Motions. (ECF Nos. 10, 25, 28, 44, 61, 90, 91, and 93.)

While the Motions to Dismiss were pending, Plaintiff filed a Motion for Declaratory Relief seeking protection from criminal prosecution for the death of his mother, Rose Marie Testa. (ECF No. 36.) Bernards PD, Hoban, Federal Defendants, Kenilworth PD, and Union PD opposed this motion. (ECF Nos. 43, 45, 46, 48, and 65.) Plaintiff further filed a Motion for a "Responsive Answer" and for Leave to Supplement, a Motion to Amend the Complaint, and a Motion for Expedited Discovery. (ECF Nos. 53, 62, and 69.) Union PD and Hoban opposed these Motions. (ECF Nos. 60, 66, and 75.) Additionally, Plaintiff filed a Motion to Stay or Remove certain proceedings in the Municipal Court of Union Township, relating to a traffic ticket issued to Plaintiff. (ECF No. 94.) Union PD opposed this motion.

Separately, Plaintiff moved in his capacity as the executor ("Executor Plaintiff") of the estate of Rose Marie Testa (the "Testa Estate") to intervene in this matter on behalf of the Testa Estate, and to join new defendants, including Manchester PD. (ECF No. 38.) Union PD opposed this motion. (ECF No. 65.) Manchester PD opposed its joinder as a defendant, and alternatively, moved to dismiss the claims against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 63). Executor Plaintiff also filed a motion for expedited discovery (ECF No. 72) and a motion to join additional defendants and supplement the Amended Complaint. (ECF No. 95.)

On September 14, 2016, Judge Wolfson found Plaintiff had failed to state a claim for which relief could be granted against Moving Defendants. (ECF Nos. 113 and 114.) Accordingly, Judge Wolfson granted Moving Defendants' Motions to Dismiss, pursuant to Rule 12(b)(6), dismissing without prejudice the claims against Federal Defendants and dismissing with prejudice the claims against Police Defendants. (ECF Nos. 113 and 114.) After the Order and Opinion issued on September 14, 2016, the only claims remaining were those against non-moving defendants Achacoso and Hoban. In the same Order and Opinion, Judge Wolfson also denied Plaintiff's Motion for Declaratory Relief and Motion to Stay or Remove, as well as Executor Plaintiff's Motion to Intervene and Join. (ECF Nos. 113 and 114.) Finally, Judge Wolfson denied Executor Plaintiff's remaining Motions and Manchester PD's Motion to Dismiss as moot. (ECF Nos. 113 and 114.)

In the interim, while the Motions to Dismiss were still pending, Plaintiff moved "for declaratory judgment concerning service of process." (ECF No. 17.) Judge Arpert construed this more-than-300-page Motion as a Motion for Entry of Default as to Achacoso, because all other Defendants had already responded to the Complaint. (ECF No. 110.) In an Order dated September 8, 2016, Judge Arpert denied Plaintiff's Motion, finding Plaintiff had failed to effectuate service

on Achacoso, because service solely by mail did not satisfy the requirements of Federal Rule of Civil Procedure 4(e). (*Id.*) On December 6, 2016, the Clerk of the Court entered a Notice of Call for Dismissal, pursuant to Federal Rule of Civil Procedure 4(m), of the claims against Achacoso for failure to effect service of the Summons and Complaint within ninety days of the filing of the Complaint.[6] (ECF No. 136.) The Notice stated the claims against Achacoso would be dismissed on December 16, 2016, if proof of service was not filed by that date. (*Id.*) In response, Plaintiff filed 311 pages of briefs and exhibits, arguing, *inter alia*, service had already been effectuated upon Achacoso. (ECF Nos. 138 and 139.)

On October 21, 2016, Plaintiff filed a Motion for Reconsideration of the September 14, 2016 Order and Opinion, arguing "[a]n intelligence operation is running and it appears directed not only at Plaintiff, but at Federal District Court." (ECF No. 125-1 at 2.) Kenilworth PD, Atlantic City PD, Union PD, Bernards PD, and Toms River PD oppose Plaintiff's Motion for Reconsideration. (ECF Nos. 128, 129, 132, 133, and 134.)

On November 21, 2016, Judge Arpert denied Plaintiff's "Motion for a Responsive Answer and More Definite Statement," Motion for Leave to Supplement the Complaint, Motion to Amend the Complaint, and Motion for Expedited Discovery. (ECF No. 124.)[7] Having held an initial

---

[6] The Notice of Call for Dismissal was withdrawn in error by the Clerk of the Court on January 31, 2017. "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a *sua sponte* dismissal." *George v. Warden*, 523 F. App'x 904, 907 (3d Cir. 2013) (quoting *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002)) (italics added). Because Plaintiff had an opportunity to file his brief in opposition to the Clerk's Notice of Call for Dismissal (*see* ECF Nos. 138 and 139), the notice requirements of Rule 4(m) have been satisfied and the Notice of Call for Dismissal is reinstated.

[7] Insofar as Plaintiff requests the Court grant his Motion for a "Responsive Answer" and for Leave to Supplement (ECF No. 53), Motion to Amend the Complaint (ECF No. 62), and Motion for Expedited Discovery (ECF No. 69), Judge Arpert already denied these Motions in his November 21, 2016 Order (ECF No. 124). Consequently, Plaintiff's request to grant these motions is **denied as moot.**

pretrial conference with Plaintiff and Hoban (ECF No. 131), on February 16, 2017, Judge Arpert ordered Plaintiff to "show cause, in writing, in a brief that is <u>not to exceed 40 pages</u> and <u>which contains no attachments or exhibits</u>, no later than March 7, 2017, why Plaintiff's Amended Complaint against Defendant Hoban should not be dismissed for lack of subject matter jurisdiction." (ECF No. 141 at 2). Judge Arpert further ordered Plaintiff to "in his brief . . . clarify which claims he is asserting against Defendant Hoban, citing to specific portions of the Amended Complaint." (*Id.*) On March 9, 2017, Plaintiff filed an eighty-three-page brief, with an additional forty-four pages of exhibits, asserting this Court has original jurisdiction over this action because he brings claims for violations of federal statutes and the United States Constitution. (ECF No. 142.) In response, Hoban argues Plaintiff failed to articulate in his brief which federal causes of action he specifically brings against Hoban and therefore, failed to demonstrate this Court has subject-matter jurisdiction over this action. (ECF No. 143.) On April 6, 2017, Plaintiff filed a reply to Hoban's opposition in which he reiterates his arguments that jurisdiction is appropriate because: (1) Hoban is either a federal agent or directing the actions of federal agencies (ECF No. 147 at 7-8); and (2) Hoban and a cadre of actors have violated federal law in their surveillance and harassment of Plaintiff (*Id.* at 11-14).[8]

---

[8] On March 29, 2017, the Court granted Plaintiff's request for an extension, adjourning Plaintiff's deadline to reply to April 10, 2017. (ECF No. 145.) In that Order, the Court also stated that it would consider Plaintiff's response to the February 16, 2017 Order to Show Cause, even though it exceeded the forty-page limit set by Judge Arpert. (*Id.*) However, the Court cautioned Plaintiff that if his reply exceeded the fifteen-page limit set by Judge Arpert, the Court would disregard Plaintiff's reply in its entirety. (*Id.*) Plaintiff complied with the page limit. (ECF No. 147.)

## II. MOTION FOR RECONSIDERATION

### A.  Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.,* Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014).  The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (citations omitted). Additionally, a court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### B. Decision

At the outset, the Court notes Plaintiff filed his Motion for Reconsideration on November 21, 2016, thirty-seven days after Judge Wolfson filed the September 14, 2016 Order and Opinion. Pursuant to Rule 7.1(i), Motions for Reconsideration in this District must be "served and filed within fourteen days after the entry of the order or judgment on the original motion" for which reconsideration is sought. L.Civ.R. 7.1(i). Because Plaintiff's Motion for Reconsideration was filed more than 14 days after the Order and Opinion for which he seeks reconsideration, the Court

denies the Motion as untimely. *See Tucker v. I'Jama*, 404 F. App'x 580, 581 (3d Cir. 2010) (affirming district court's decision to deny motion for reconsideration as untimely); *Batista v. United States*, 377 F. App'x 145, 147 (3d Cir. 2010) (same). In the alternative, the Court finds the motion fails on the merits and is denied.

Plaintiff moves for reconsideration on the basis that "[a]n intelligence operation is running and it appears directed not only at Plaintiff, but at Federal District Court." (ECF No. 125-1 at 2.) In support of this assertion, Plaintiff files 433 pages of briefs and exhibits purporting to "give Federal District Court enough information to assess that possibility." (*Id.*) Plaintiff divides his supporting brief into five sections and summarizes his arguments in each section as follows:

> The first . . . is designed to show the Court that there must be federal defendants and that there must be an actionable relationship between them and the individual defendants Hoban and Achacoso. It may also show a link to the municipal Defendants. Facts presented in the case are compared with technical capabilities and statutory lanes of Federal entities. One concludes that the FBI is either involved and is overstepping its mandate or should be involved as another federal agency has strayed far from its lane.

> The second . . . examines federal statutes and statutory rights of action to show the Court that there are claims against federal defendants upon which relief may be granted and that the violations of law have been rampant. . . .

> The third section . . . is designed to show the Court that an intelligence operation is running against it. An analysis of facts is provided. The possibility that an intelligence operation could be run against Federal District Court is contemplated by federal law. Ex. Ord. No. 12333, § 2.2 (Intelligence elements may not interfere with a civil or criminal matter) *See notes* 50 U.S.C. § 3001 (Ex. Ord. No. 12333). While it may be the first time an intelligence operation was run at this Federal District Court, an analysis of relevant law indicates that it is not the first time an intelligence operation was directed at a federal court.

> The fourth section . . . describes some of the oversight mechanisms that are in place and shows that they have not functioned as designed so far. Some of the gaps and potential gaps may be apparent.

Interception operations (as in football) and misdirection operations are described. They both present a danger to the Nation. Simply stated, interception operations are run against communications of wrongdoing or of policy difference to those whom may act on the information. Misdirection operations may be used to attempt to hide the interception operations or to attack the information. The judiciary has an oversight role of intelligence elements which is contemplated in federal law. 50 U.S.C. § 3001 . . . .

The fifth section . . . describes relief requested by Plaintiff. Specifically, it requests the Court vacate the provision of its 9/14/2016 order dismissing the case against the [F]ederal [D]efendants, grant leave to amend to name municipalities to suit or to substitute them for [John] Does or police departments as parties to suit so that Plaintiff's claims against them may proceed, renew Plaintiff's expedited discovery request as relevant to claims against Hoban, review Plaintiff's motion for Exculpation on a witness tampering theory after production of records in federal custody, grant of a protective order, and preservation of issues for appeal, if appealed, which may be currently unripe.

(*Id.* at 2-3.)

However, in his voluminous briefing and exhibits filed in support of his Motion for Reconsideration, Plaintiff does not assert (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when Judge Wolfson granted the Motions to Dismiss, which would have dictated a different ruling by Judge Wolfson; or (3) the September 14, 2016 Opinion contains a clear error of law or fact. *See United States ex rel. Schumann*, 769 F.3d at 848-49. Instead, Plaintiff attempts to submit evidence, none of which constitutes "new evidence" within the meaning of the law, *see Blystone*, 664 F.3d at 415-16, to demonstrate he has a viable cause of action against Defendants. In essence, Plaintiff is attempting to relitigate the issues previously decided in the September 14, 2016 Order and Opinion, namely that the Amended Complaint did not contain sufficient facts to state a claim against Moving Defendants. This is not a valid basis for a motion for reconsideration. *See id.* at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion).

Additionally, insofar as Plaintiff asserts an "intelligence operation" has been "run" on the Court by the Federal Defendants, Plaintiff does not explain how this alleged intelligence operation affected the September 14, 2016 Order and Opinion. Instead, that portion of Plaintiff's supporting brief focuses on how the Federal Defendants allegedly sabotaged Plaintiff's initial attempts to bring this action in federal court. (ECF No. 125-1 at 162-99.) Additionally, Plaintiff asserts Police Defendants have been issuing traffic tickets to him arresting him, fining him, and generally harassing him in retaliation for the present litigation. (*Id.*) Finally, Plaintiff claims the Moving Defendants' Motions to Dismiss were purposefully filed at times inconvenient to Plaintiff. (*Id.*) Plaintiff does not explain how these purported facts would render the September 14, 2016 Order and Opinion erroneous or manifestly unjust, and indeed, such allegations appear to have no bearing on Judge Wolfson ruling. As such, Plaintiff's Motion for Reconsideration fails as a matter of law.

Accordingly, because the Motion was not timely filed and because Plaintiff has failed to provide a legitimate basis for reconsideration of the September 14, 2016 Order and Opinion, the Motion for Reconsideration is **DENIED**.

## III. RULE 4(M) NOTICE

### A. Legal Standard

Federal Rule of Civil Procedure 4(m) requires, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "A [d]istrict [c]ourt must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant." *Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013) (citing *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998)). And, "[e]ven if a plaintiff fails to show good

cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time." *Id.* (citing *Petrucelli v. Bohringer & Ratzinger, GMHB*, 46 F.3d 1298, 1305-06 (3d Cir. 1995)).

Federal Rule of Civil Procedure 4(e) "gives a federal district court personal jurisdiction over non-resident defendants to the extent permissible under the state law of the jurisdiction where the court sits." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 481 (3d Cir. 1993) (citing Fed.R.Civ.P. 4(e)). Therefore, this Court would look to New Jersey law on personal jurisdiction to determine whether service of a party was proper. *See DeJames v. Magnificence Carriers, Inc.*, 491 F.Supp. 1276, 1283 (D.N.J. 1980) ("[W]hen substituted service is made pursuant to a state's long-arm statute, the service [must] be made 'under the circumstances and in the manner prescribed in the statute.'" (quoting Fed. R. Civ. P. 4(e)(2))). New Jersey permits service via registered or certified mail "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required . . . ." N.J. Ct. R. 4:4-3.

**B. Decision**

In his brief in opposition to the Notice of Call for Dismissal, Plaintiff asserts he properly served Achacoso by mailing the Summons and Complaint to him via registered mail. (ECF No. 138 at 13.) However, as Judge Arpert previously explained to Plaintiff in his September 9, 2016 Order:

> Federal Rule of Civil Procedure 4 provides that a defendant "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Although the primary method of obtaining personal jurisdiction over a defendant in New Jersey "is by causing the summons and complaint to be personally served within [New Jersey]", personal jurisdiction "may

be obtained by mail under the circumstances and in the manner provided by R. 4:4-3." [N.J. Ct.] R. 4:4-4(a); *U.S. Bank Nat'l Ass'n v. Curcio*, 444 N.J. Super. 94, 106 (App. Div. 2016).

[New Jersey Court] Rule 4:4-3 provides in relevant part as follows:

> If personal service cannot be effected *after a reasonable and good faith attempt*, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant. . . . The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service. . . . Return of service shall be made as provided by R. 4:4-7.

[N.J. Ct.] R. 4:4-3 (emphasis supplied).

(ECF No. 110 at 2.)

Judge Arpert ultimately denied Plaintiff's motion "for declaratory judgment concerning service of process" (ECF No. 17), because Plaintiff had not provided evidence that before purportedly serving Achacoso by mail, he first made a reasonable and good faith attempt to serve Achacoso personally (ECF No. 110 at 2-3). In opposing the Clerk's Notice of Call for Dismissal, Plaintiff again fails to make a showing that he first made a reasonable and good faith attempt to serve the Summons and Complaint on Achacoso personally, before purportedly serving Achacoso by mail. (*Id.* at 231-32.) Pursuant to New Jersey Court Rule 4:4-7, it is the burden of a party making service by mail to "make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J. Ct. R. 4:4-7. Plaintiff has not met this burden.

Plaintiff argues "it may be futile to attempt to serve Achacoso in a manner other than by mail, as the Court directs," due to "the use or potential use of the intelligence function." (ECF No. 138 at 30.) Furthermore, Plaintiff claims Achacoso "has notice [of the case] obtained . . . through surveillance of Plaintiff." (*Id.* at 14.) However, regardless of whether personal service on Achacoso may ultimately prove impossible, or whether Achacoso may be aware of this action through his alleged surveillance of Plaintiff, it is Plaintiff's duty to first make a reasonable and good faith attempt to serve Achacoso personally, before resorting to service by mail. Plaintiff has not submitted evidence demonstrating that he has done so. Accordingly, Plaintiff's mailing of the Complaint and Summons to Achacoso's address does not satisfy the requirements of Rule 4(e).

Alternately, Plaintiff asserts he has served Achacoso by serving the United States Attorney with the Summons and Complaint, because Achacoso is allegedly an officer or employee of the United States. (*Id.* at 28.) Pursuant to Federal Rule of Civil Procedure 4(i)(2):

> To serve . . . a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer, or employee.

Additionally, Federal Rule of Civil Procedure 4(i)(3) dictates:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

First, these rules do not apply to Achacoso, because Plaintiff does not allege in the Amended Complaint that Achacoso is an officer or employee of the United States government. Instead, Plaintiff alleges Achacoso "contracts" with Federal Defendants and that Federal Defendants are the agencies with whom Achacoso "act[s] with actual or apparent authority." (ECF No. 6 at 601-

19.) However, even accepting Achacoso is an employee of a United States agency and taking the Amended Complaint as a whole, Plaintiff asserts claims against Achacoso in both his individual capacity and official capacity as an alleged federal agent. (*See generally, id.*) As such, under Rule 4(i)(3), Plaintiff is required to serve Achacoso pursuant to the procedures set forth in Rule 4(e), in addition to serving the United States. But, as set forth above, Plaintiff has failed to satisfy the requirements of Rule 4(e), because he has not demonstrated he made a reasonable and good faith attempt to serve Achacoso personally, before attempting to serve him by mail.

Plaintiff further requests the Court grant him an extension to serve Achacoso because:

> Besides the intelligence function and issues concerning the content of the complaint, delays in making additional service on Achacoso can be attributed to the wait on the motion for declaratory judgment concerning service of process (ECF No. 17, 03/21/2016), the wait on the summons to issue in Docket: 16-CV-8748 (S.D.N.Y. 11/07/2016) to save on the cost to make service (still waiting ASOF December 15, 2016), and the cost, which is a variable currently subject to opponent use of the intelligence function.

(ECF No. 138 at 42.) However, the Court finds that no good cause exists to extend Plaintiff's time to serve Achacoso.

To determine whether good cause exists, courts consider: "(1) reasonableness of plaintiff's efforts to serve[,] (2) prejudice to the defendant by lack of timely service[,] and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Furthermore, the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Id.* (citing *Petrucelli,* 46 F.3d at 1312). Excusable neglect requires "a demonstration of good faith on the part of the party seeking

an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id.* at 1097.

Here, Plaintiff has failed to demonstrate a good faith effort to properly serve Achacoso or a reasonable basis for noncompliance with Rule 4(e). First, Plaintiff argues that he was reasonably delayed in serving Achacoso while he waited for Judge Arpert to rule on his "motion for declaratory judgment concerning service of process." However, Judge Arpert ruled on this motion on September 9, 2016. As such, Plaintiff had three months to attempt to properly serve Achacoso before the Clerk's Notice of Call for Dismissal was filed on December 6, 2016. In his September 9, 2016 Order, Judge Arpert expressly found Achacoso had not yet been properly served and further explained to Plaintiff that, to properly serve Achocoso under Rule 4(e), Plaintiff would first have to put forth a reasonable and good faith effort to personally serve Achacoso before he could serve him by mail. Despite this ruling, over the next three months, Plaintiff made no efforts to personally serve Achacoso. Plaintiff has provided no reasonable explanation as to why he did not attempt to serve Achacoso during this period.

Plaintiff also argues he was delayed in serving Achacoso because of the costs associated with personal service. However, at no point during the fifteen-month pendency of this case has Plaintiff applied for *in forma pauperis* status under 28 U.S.C. § 1915. Even if, as Plaintiff asserts, he was unable to afford the costs of a process server, pursuant to § 1915, he could have applied for the Court's assistance to serve Achacoso through the United States Marshals Service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Plaintiff's decision to sit by, rather than apply for *in forma pauperis* status, belies his assertion that he has made a good faith effort to serve Achacoso. Accordingly, the Court finds good cause does not exist to extend Plaintiff's time to serve Achacoso.

If good cause does not exist to extend time to serve, a court may exercise its discretion to extend the time for service, or it may dismiss the case without prejudice. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). A number of factors may be relevant to this determination:

> actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759). Having considered the relevant factors, the Court finds that a discretionary extension of time for service is not warranted. Although the Court is sympathetic to the fact Plaintiff is appearing *pro se*, the requirements of Rule 4(e) were clearly explained to Plaintiff by Judge Arpert in his September 9, 2016 Order. Nonetheless, in the following months, Plaintiff failed to attempt personal service on Achacoso. Based on the record before the Court, a further extension of the time to serve this defendant is not appropriate. Accordingly, Plaintiff's claims against Achacoso are **DISMISSED WITHOUT PREJUDICE** for failure to serve, pursuant to Rule 4(m).

## IV. ORDER TO SHOW CAUSE WHY THIS COURT HAS SUBJECT MATTER JURISDICTION

### A. Legal Standard

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). "[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge

may be authorized to review the evidence and resolve the dispute on her own." *Id.* (citation omitted).

Pleadings can suffer from "facial" or "factual" deficiencies. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A facial deficiency is one in which the claims on their face are "insufficient to invoke subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* A factual deficiency is one in which "there is no subject matter jurisdiction because the facts of the case— and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Id.*

Plaintiff argues this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because there are numerous federal statutes implicated by his claims: (1) 28 U.S.C. § 1346, which grants jurisdiction to district courts over matters in which the United States is a defendant; (2) 28 U.S.C. § 1343, which grants jurisdiction to district courts over civil actions in which a party seeks damages stemming from a conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (3) 28 U.S.C. § 1337, which grants jurisdiction to district courts over civil actions arising under Congressional regulations of commerce and antitrust activities; and (4) 28 U.S.C. § 1361, which grants jurisdiction to district courts over any action to compel an officer of the United States to perform his duty. (ECF No. 147 at 4.) Each of these bases for jurisdiction depends upon Plaintiff's allegations, recounted above, that Hoban is either a federal agent or working in concert with federal agents to carry out surveillance of Plaintiff. Plaintiff supports this allegation by claiming Hoban emailed various federal employees about attending an event organized by Hoban's business (*id.*),

and he speculates Hoban's business ties to those employees prove Hoban has significant federal relationships that would confer jurisdiction upon this Court. (ECF No. 142 at 10-11.)

Plaintiff's arguments in favor of subject matter jurisdiction are speculative and confounding. He refers to Hoban as "a Ninja." (*Id.* at 13.) He alleges various Defendants have either produced or viewed pornographic films of Plaintiff recorded without his knowledge in violation of copyright law. (*Id.* at 21.) Plaintiff includes a litany of federal statutes he alleges Defendants (though it is not clear if Hoban is among them) have violated. (*Id.* at 26-52.) But the connections between these laws and Plaintiff's allegations are not apparent. Plaintiff's recitation of federal statutes coupled with his highly unusual allegations are insufficient to establish subject matter jurisdiction, as Plaintiff does not state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Therefore, the Court does not have subject matter jurisdiction over Plaintiff's claims against Hoban.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 125) is **DENIED**, and the claims against Achacoso are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m). Further, Plaintiff has not demonstrated the Court has subject matter jurisdiction over his claims against Hoban, and those claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate Order will follow.

Date: May 30, 2017               */s/ Brian R. Martinotti*
                                 **HON. BRIAN R. MARTINOTTI**
                                 **UNITED STATES DISTRICT JUDGE**