NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ANTHONY J. TESTA,

          Plaintiff,

v.

JACK HOBAN, *et al.*

          Defendants.

Civ. Action No. 16-0055-BRM-DEA

**OPINION**

---

Before this Court is Plaintiff Anthony J. Testa's ("Testa") Motion for Reconsideration (ECF No. 125) seeking reconsideration of: (1) a September 9, 2016 Order by the Honorable Douglas E. Arpert, U.S.M.J. denying Testa's Motion for Default[1] (ECF No. 110); (2) a September 14, 2016 Order by the Honorable Freda L. Wolfson, U.S.D.J. granting eleven motions to dismiss (ECF No. 114); (3) a November 7, 2016 Order by Judge Arpert denying Testa's "Motion for a Responsive Answer and More Definite Statement" (ECF No. 124); and (4) a May 30, 2017 Order by the undersigned denying Testa's Motion for Reconsideration of Judge Wolfson's September 14, 2016 Order (the "First Motion for Reconsideration") (ECF No. 152). Defendants Kenilworth Police Department, Township of Union Police Department (improperly pled as "Union, NJ Police Department"), Borough of Point Pleasant Beach Police Department (improperly pled as "Point Pleasant, NJ Police Department"), Manchester Township Police Department, and Toms River

---

[1] Testa submitted the 300-plus-page motion seeking "declaratory judgment concerning service of process." (ECF No. 17.) The Court construed the motion as one for default judgment. (ECF No. 110.)

1

Police Department (improperly pled as "Toms River, NJ Police Department") oppose the Motion. (ECF Nos. 158-162.) For the reasons set forth herein, Testa's Motion for Reconsideration is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A more thorough account of the facts and procedural background is set forth in the Court's May 30, 2017 Opinion denying the First Motion for Reconsideration. (ECF No. 151 at 2-11.) The Amended Complaint asserted claims against Jack Hoban, Joseph Achacoso, several federal agencies, and numerous municipal police departments ("Police Defendants"). (ECF No. 6.) Testa alleged the federal government and Police Defendants have been "egregious[ly] abus[ing] surveillance technology," in a manner that provides the government with "information with which to tamper with evidence and witnesses and with which to illegally hinder retention of counsel, the filing of lawsuits, or even the notification to members of Congress." (*Id.* at 2.) According to Testa, Defendants are involved in a conspiracy to illegally surveil his activities and search his property. Additionally, Defendants allegedly seek to interfere with Testa's educational, medical, business, and personal relationships, as well as his pursuit of litigation, by tampering with his mail, detaining Testa, and generally abusing governmental power.

On September 14, 2016, Judge Wolfson found Testa failed to state a claim and dismissed the claims against all defendants other than Hoban and Achacoso, who had not moved for dismissal. (ECF Nos. 113 and 114.) On October 21, 2016, Testa filed the First Motion for Reconsideration of Judge Wolfson's decision. (ECF No. 125) On December 6, 2016, the Court issued a Notice of Call for Dismissal, pursuant to Federal Rule of Civil Procedure 4(m), of the claims against Achacoso for failure to serve. (ECF No. 136.) On February 16, 2017, Judge Arpert issued an Order to Show Cause "why Plaintiff's Amended Complaint against Defendant Hoban

2

should not be dismissed for lack of subject matter jurisdiction." (ECF No. 141 at 2.) On May 30, 2017, the Court (1) denied Testa's First Motion for Reconsideration, (2) dismissed the claims against Achacoso pursuant to Rule 4(m), and (3) dismissed the claims against Hoban due to Testa's failure to demonstrate the Court had jurisdiction over Hoban. (ECF Nos. 151 and 152.) On July 28, 2017, Testa filed the pending Motion for Reconsideration.

II. STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.,* No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

3

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (citations omitted). Additionally, a court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III. DECISION

This District's Local Civil Rule 7(i) provides "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the

Judge or Magistrate Judge." Here, the last of the four orders for which Testa seeks reconsideration was issued on May 30, 2017. (ECF No. 152.) Testa acknowledges he filed his motion fifty-eight (58) days from that date. (Br. in Supp. of Pl.'s Mot. for Reconsideration (ECF No. 155-1) at 15.) Testa argues the Court can apply Federal Rule of Appellate Procedure 4(a)(1), which gives a party sixty (60) days to appeal if one of the parties to the suit is the United States, a United States agency, or an officer or employee sued in connection with performance of duties. However, the Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals," not in the district courts. Fed. R. App. P. 1(a). The Court finds Testa's Motion for Reconsideration is untimely. A motion for reconsideration "may be denied solely on the basis of its untimeliness." *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996); *see also Tucker v. I'Jama*, 404 F. App'x 580, 581 (3d Cir. 2010) (affirming the district court's decision to deny a motion for reconsideration as untimely); *Batista v. United States*, 377 F. App'x 145, 147 (3d Cir. 2010) (same). Testa offers a variety of explanations for the untimeliness of the motions, including "health issues, computer attacks, and so on." (ECF No. 155-1 at 15.) However, Testa never sought an extension from the Court, and his stated reasons for the delay do not satisfy the "good cause" standard for and untimely motion. *See Callas v. Callas*, No. 14-7486, 2018 WL 566208, at *3 (D.N.J. Jan. 26, 2018) (citing *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005)). Therefore, Testa's Motion for Reconsideration is **DENIED**.

Even if Testa had timely filed his motion, the result would not change. He seeks reconsideration of Judge Wolfson's grant of eleven motion to dismiss (ECF No. 114), but the Court already denied his First Motion for Reconsideration of that very Order. (ECF No. 152.) Furthermore, Testa asks this Court to reconsider its denial of the First Motion for Reconsideration, which is procedurally impossible. As for Testa's Motion for Reconsideration of Judge Arpert's

September 9, 2016 Order denying Testa's Motion for Default (ECF No. 110), and Judge Arpert's November 7, 2016 Order denying Testa's "Motion for a Responsive Answer and More Definite Statement" (ECF No. 124), Testa reiterates the same far-fetched assertions the Court has found to be deficient on numerous occasions throughout this litigation.[2] (*See* ECF No. 113 at 3; ECF No. 151 at 24.) Testa reiterates his claim that he could not serve Achacoso, because Achacoso "has been abusing electronic surveillance and color of law." (ECF No. 155-1 at 24.) He also repeats his allegation that Hoban is behind a massive conspiracy that involves municipal parking tickets issued to harass Testa, the use polygraphs at municipal court hearings regarding those tickets, and a widespread effort to surveil Testa. (*Id.* at 33-39.) As the Court has ruled previously in this case, Testa does not state a plausible claim. (ECF No. 151 at 24 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial and common sense.").)

**IV.　CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 155) is **DENIED**. An appropriate Order will follow.

Date: February 28, 2018　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes the Toms River Police Department's request that the Court enjoin Testa from filing further lawsuits without prior leave of the Court. (ECF No. 162 at 1-2 (citing *Perry v. Gold & Laine, P.C.*, 371 F. Supp. 2d 622, 632 (D.N.J. 2005) (enjoining *pro se* plaintiff from filing further actions without prior notice to the court)).) At this time, the Court declines the request.